## UNION PAC. LIFE INS. CO. *v.* FERGUSON.

(131 Pac. 1012.)

**Insurance—Life Insurance Companies—"Cash Capital."**

A resolution of the stockholders and directors of a life insurance company which declares that the assets of the company shall constitute its capital set apart as a basis of credit for the policy-holders and creditors and not subject to withdrawal converts the assets into cash capital within Section 4610, L. O. L., providing that no insurance corporation shall be permitted to do business until it shall have a paid-up cash capital equal to a specified sum, and the assets cannot be withdrawn or diverted by the corporation.

This is an original *mandamus* proceeding by the Union Pacific Life Insurance Company against J. W. Ferguson, as insurance commissioner of the State of Oregon, to compel defendant to issue to plaintiff a certificate authorizing it to do insurance business. Defendant files demurrer to petition treated as an alternative writ.    OVERRULED.

For the defendant there was a brief over the names of *Mr. Andrew M. Crawford,* Attorney General, *Mr. Isaac H. Van Winkle,* Assistant Attorney General, and

*Messrs. Joseph & Haney,* with oral arguments by *Mr. Bert E. Haney* and *Mr. Van Winkle.*

For the plaintiff there was a brief over the names of *Mr. John A. Carson* and *Messrs. Corliss & Skulason,* with oral arguments by *Mr. Carson* and *Mr. C. H. Corliss.*

MR. JUSTICE EAKIN delivered the opinion of the court.

This is an original proceeding in this court by *mandamus* to compel the defendant Ferguson, as insurance commissioner of the State of Oregon, to issue to the plaintiff company a certificate authorizing it to do an insurance business during the year 1913 in the State of Oregon. By agreement of counsel the petition for the writ is taken and accepted as the alternative writ, which comes on for hearing upon a demurrer interposed thereto on the ground that the writ does not state facts sufficient to constitute a cause of action against defendant; and, after argument and consideration by the court, we deem that the demurrer should be overruled. A former application was made to the insurance commissioner by this plaintiff upon a showing that the corporate stock of the company is $100,000, namely, 10,000 shares of the value of $10 a share, of which 7,541 shares had been issued and fully paid up, that much of its stock was sold at a price largely in excess of its face value, which, with other accumulations, was invested in such securities as are authorized by law in the sum total of $106,600, but it was held in the final decision of that case that profits and surplus are not cash capital within the meaning of Section 4610, L. O. L: See *Union Pac. Life Ins. Co.* v. *Ferguson,* 64 Or. 395 (129 Pac. 529). For the purpose of meeting this deficiency in its capital, plaintiff by reso-

lution of its stockholders and board of directors declared that the assets of the company represented by the said securities, which include surplus and profits to the amount of $24,590, in the sum total of $106,600 constitutes the capital of said corporation, with like effect as though the said money, mortgages, and bonds represented the proceeds of the $100,000 capital stock fully subscribed and paid for at not less than par, which is set apart as a basis of credit for the policy-holders and creditors of the corporation and is not subject to withdrawal. Thereupon the plaintiff renewed its application to the insurance commissioner for a certificate to do business, in which application the action of the stockholders and directors above mentioned was set forth, being based upon the same investments and securities as in the first application. This application was denied by the insurance commissioner, and plaintiff brings this suit to have adjudged the sufficiency of the action of the corporation in setting apart its surplus and profits as capital to meet the requirements of the statute, and to require defendant to issue such certificate to plaintiff. We are of the opinion that such dedication of the surplus and profits converted them into cash capital as fully as if they were the proceeds of sales of the capital stock at par, and that they are equally free from the possibility of impairment, and cannot be withdrawn nor in any manner diverted by the corporation. This is the holding in *Sun Mutual Ins. Co.* v. *Mayor of New York,* 8 N. Y. 250, and in *Bailey* v. *Railroad Co.,* 22 Wall. 638 (22 L. Ed. 840), where it is said: "Funds set apart as capital out of which debts are to be paid, it is held, amounts to a contract with those who become creditors on the faith of the transaction that the fund shall not be withdrawn and appropriated to the use of the owner or owners of the capital stock." And in *Mutual Ins. Co. of Buffalo*

v. *Supervisors of Erie,* 4 N. Y. 445, it is said: "If the money so paid in as the capital to be employed in conducting the business of the company cannot be withdrawn and divided among the stockholders or members of the company, it constitutes the capital stock or capital of the company." We think the effect of the resolution by the stockholders and directors of the corporation made the surplus and profits in the hands of the company a part of its capital and was a compliance with the statute, making the paid-up cash capital of the corporation equal to $100,000 of United States gold coin.

Demurrer overruled.

Mr. Chief Justice McBride took no part in the consideration of this case.

Dismissed on stipulation May 16, 1913.