Argued February 6, affirmed March 5, 1929.

MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION OF OMAHA *v.* CLARE A. LEE, INSURANCE COMMISSIONER.

(275 Pac. 43.)

538

For appellant there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. J. B. Hosford,* Assistant Attorney General.

For respondent there was a brief over the name of *Messrs. McCamant & Thompson* with an oral argument by *Mr. Wallace McCamant.*

McBRIDE, J.—In the outset there was a stipulation between the parties, which reads as follows:

"It is hereby stipulated and agreed that the above entitled two cases may be consolidated and heard together, and if the laws of the state of Oregon permit a foreign mutual accident health insurance company, organized under the laws of another state, having no capital stock, to qualify and receive a license from the insurance commissioner of this state authorizing such company to transact its business therein, then that plaintiff association shall be entitled to receive such license as prayed for in its complaint; and that said two cases may be submitted to the court upon the sole question of law above stated, all other questions being waived; provided, however, that either party may appeal to the supreme court from any decree which may be rendered and entered herein. Neither party to recover costs or disbursements."

There is but one question to be decided in this case and that is, whether a mutual insurance company organized legally in Nebraska may, upon compliance with the procedural matters required by the Oregon insurance laws, carry on the business of health and accident insurance in this state. There is no question that every matter relating to procedure has been complied with; so, the only question to be decided is whether a mutual insurance company of this character, without capital stock, can be licensed to carry on its business in the State of Oregon. We are of the opinion that it can be so licensed and in support of that opinion we call attention to the following provisions of the statute:

"A company, association, partnership or individual engaged in the business of insurance or suretyship, or of guaranteeing against liability, loss or damage, or of entering into contracts substantially amounting to insurance, shall be deemed an insurance company." Section 6337, Or. L.

"A foreign or alien insurance company may be authorized or licensed to do business in this state when it shall have complied with the following requirements. * * It shall satisfy the insurance commissioner that it is fully and legally organized under the laws of its state or government to do the business it proposed to transact; that it has a fully paid-up capital or a deposit capital in the United States over all liabilities therein equal to two hundred thousand dollars ($200,000), with a surplus of not less than one hundred thousand dollars ($100,000)." Section 6328, Or. L.

"Any company applying for authority to transact any such business shall show to the satisfaction of the insurance commissioner, if a foreign company, that it is possessed of a paid-up capital of not less than $200,000 and a surplus of not less than $100,-000." Section 6344, Or. L.

The decision must turn upon the definition of the word "capital." It appears in this case that the company, while it has no capital stock and therefore no such stock has been subscribed for, has on deposit with the Department of Trade and Commerce of the State of Nebraska, $201,000, the certificate of the secretary of said department being to the effect that this deposit is made for the benefit and security of all policy-holders of the association in the United States. An examination of the statutes referred to in the complaint show that this deposit of securities cannot be withdrawn except by the substitution of other securities of equal value.

Section 6337, Or. L., defines an insurance company as follows:

"A company, association, partnership or individual engaged in the business of insurance or suretyship, or of guaranteeing against liability, loss or damage, or of entering into contract substantially amounting to insurance, shall be deemed an insurance company."

So, there can be no question under the pleadings, but that the plaintiff in this case has brought itself within the above definition.

Section 6328, Or. L., so far as it is relevant to this case, is as follows:

"A foreign or alien insurance company may be authorized or licensed to do business in this state when it shall have complied with the following requirements: * * It shall satisfy the insurance commission that it is fully and legally organized under the laws of its state or government to do the business it proposes to transact; that it has a fully paid-up capital or a deposit capital in the United States over all liabilities therein equal to two hundred thousand dollars ($200,000), with a surplus of not less than one hundred thousand dollars ($100,000)."

There is no question as to the financial responsibility of the company, and no question as to its having $100,000 surplus and $200,000 of securities deposited as above mentioned.

If these securities, so set apart for the benefit of all the policy-holders of the association, are to be deemed "capital," the plaintiff is within the law and is entitled to do business here and the license should be issued.

We consider this question concluded in this state by the opinion of this court in *Union Pac. Life Ins. Co.* v. *Ferguson,* 65 Or. 142 (131 Pac. 1012). The legislature evidently had the present condition of affairs in mind when Section 6328, Or. L., was enacted.

It will be observed that it not only uses the term "paid-up capital," but also disjunctively uses the term "deposit capital." The term "paid-up capital" was evidently used with reference to stock companies and the term "deposit capital" was inserted for the benefit of nonstock institutions such as plaintiff.

The framer of the act evidently having in mind the decision of Mr. Justice EAKIN in *Union Pac. Life Ins. Co.* v. *Ferguson, supra,* we do not deem it necessary to enter into the discussion of authorities cited from various courts upon this subject, which would only encumber the records to no good purpose.

The judgment of the Circuit Court is affirmed.

AFFIRMED.